COMMONWEALTH *vs.* CHARLES S. PARKER.

Essex. Nov. 4, 1885. — Jan. 7, 1886. FIELD & DEVENS, JJ., absent.

A person was convicted of maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, and appealed. His recognizance, dated in March, 1885, recited that he appealed " to the Superior Court, to be holden at N. in the county of Essex on the second Monday in May," and was conditioned to appear at the court appealed to. The St. of 1885, *c.* 191, which was approved in April, 1885, provided that " the Superior Court for the county of Essex, heretofore held on the second Monday of May, shall hereafter be held on the first *Monday* of May; " and that all writs, processes, and recognizances made returnable to the court as formerly held should be returnable to the term of the court as changed. The court was in session on the second Monday in May. *Held,* that the court had jurisdiction of the appeal.

HOLMES, J. The defendant was convicted of maintaining a common nuisance, namely, a tenement used for the illegal sale and illegal keeping of intoxicating liquors, and appealed. His recognizance, dated March 7, 1885, recites that " he appeals to the Superior Court, to be holden at Newburyport in the county of Essex on the second Monday in May," and is conditioned to appear at the court appealed to. The defendant did appear, and, after the second Monday in May, filed a motion to dismiss the complaint, on the ground that the term appealed to had been abolished, since the date of his appeal and recognizance, by the St. of 1885, *c.* 191.* But we think it very plain that that statute had not the effect contended for. The Legislature had no such meaning, for the language is, " The Superior Court for the county of Essex, heretofore held on the second Monday of May, shall hereafter be held on the first Monday of May in every year," which clearly imports that the court to be held hereafter on the first Monday is the same court that has been held

---

* The St. of 1885, *c.* 191, which was approved April 24, 1885, is as follows:

" Section 1. The Superior Court for the county of Essex, heretofore held on the second Monday of May, shall hereafter be held on the first Monday of May in every year.

" Section 2. All writs, processes, bonds, and recognizances, which shall be made returnable to said court on said second Monday of May shall be returnable to, be entered at, and have day in, the term of said court to be held on the first Monday of May next.

" Section 3. This act shall take effect upon its passage."

heretofore on the second.  We cannot say that the court loses its identity, against the will of the Legislature, by being made to begin a week earlier.

It is suggested, that the term might have been adjourned before the second Monday, and that the defendant's rights could not depend upon an accident.  We need not consider whether the act had the effect to require the term to be continued beyond the second Monday, or, by § 2, to accelerate the day to which recognizances taken before its passage were returnable, because if it did neither, and even if the defendant is right in supposing that, if he had found the term adjourned on the second Monday, it would have been his good fortune to be discharged from further proceedings through an accident of the law and no right of his, still we do not perceive why, when the court to which he had appealed was in session on the day when he had recognized to appear, his appeal and appearance should fail to have their ordinary effect.  The defendant has suffered no harm.  See *Jones* v. *Robbins*, 8 Gray, 329, 349; *Lewis* v. *Robbins*, 13 Allen, 552.                                      *Exceptions overruled.**

*B. F. Brickett & C. H. Poor*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

THE FIRST CASE was a complaint for keeping and maintaining a house of ill fame.  The defendant was convicted on April 10, 1885, and appealed, as in the principal case.

After the second Monday in May the defendant moved to dismiss the complaint.  The motion was overruled; the defendant was tried and found guilty; and alleged exceptions.

THE SECOND CASE was a complaint for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth.  The defendant was convicted on April 21, 1885.  The subsequent proceedings in the case were similar to those in the first case.

